**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000086**
**15-APR-2025**
**08:03 AM**
**Dkt. 66 SO**

NO. CAAP-22-0000086


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LOKAHI PACIFIC, Plaintiff-Appellee, v.
JOYCE MUNDON, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DRC-21-0001759)


SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Joyce Mundon (**Mundon**) appeals from the District Court of the Second Circuit's December 16, 2021 "Amended Judgment for Possession[,]" December 16, 2021 "Amended Writ of Possession[,]" and February 1, 2022 "Order Denying Defendant's Motion for Reconsideration[.]"[1]

On appeal, Mundon contends Plaintiff-Appellee Lokahi Pacific failed to provide her with thirty days notice of termination as required in the 2009 Lease Agreement and United

---

[1]  The Honorable Blaine J. Kobayashi presided.

States Department of Housing and Urban Development (**HUD**) regulations.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and vacate and remand.

Mundon leased a unit in Hale O Manaʻo Lana Hou II (**Property**), a supportive housing community for persons with disabilities. Lokahi Pacific manages the Property. In 2020, Lokahi Pacific issued Mundon two notices for violating the Property's House Rules and Regulations and gave her ten days to remedy the violations.

On June 2, 2021, Lokahi Pacific terminated Mundon's lease (**First Termination Notice**), indicating Mundon continued to violate the House Rules and Regulations and had twenty-eight days to vacate her unit:

> because you continued to violate your Lease Agreement, House Rules and Regulations and the Pet Addendum to Lease – Lokahi Pacific is terminating your Lease Agreement effectively immediately. You have 28-days from the date of this notice to vacate the unit (June 29th, 2021). I have scheduled a move out inspection for June 30th at 12 p.m.

(Some emphases omitted.) Mundon, however, did not vacate the unit.

On August 23, 2021, Lokahi Pacific's attorney sent Mundon another termination notice (**Second Termination Notice**),

---

[2] Mundon also asserts her due process rights were violated. In light of our ruling today, we need not reach this issue.

citing Hawaiʻi Revised Statutes (**HRS**) §§ 521-52 (2018) and 521-72 (2018) and instructing Mundon to vacate the premises within seven days.

On September 8, 2021, Lokahi Pacific filed a complaint for summary possession. Following a bench trial, the district court entered judgment for possession and a writ of possession in favor of Lokahi Pacific and against Mundon.

As previously stated, Mundon argues Lokahi Pacific failed to provide her with thirty days notice of termination. Mundon relies on (1) the 2009 Lease Agreement, (2) HUD regulations (24 C.F.R. § 891.430 (2001) and 24 C.F.R. Part 247), and (3) state law (HRS §§ 521-3 (2018) and -31 (2018)) to support her arguments.

First, the 2009 Lease Agreement explains in relevant part that 24 C.F.R. 891.430 and 24 C.F.R. Part 247 govern the right to terminate, and that termination for material noncompliance cannot be "earlier than 30 days after receipt" of notice by the tenant, or must be in accordance with "State law, whichever is later":

> 8. Unless terminated or modified as provided herein, this Agreement shall be automatically renewed for successive terms of One month each at the aforesaid rental, subject to adjustment as herein provided.
>
> . . . .
>
> (b) The LANDLORD's right to terminate this Agreement is governed by the regulation of the Secretary at 24 CFR 891.430 and Part 247 (herein referred to as the HUD Regulation). The HUD Regulation provides that the LANDLORD

> may terminate this Agreement only under the
> following circumstances:
>
> (1) The LANDLORD may terminate, effective
> at the end of the initial term or any successive term, by
> giving the TENANT notification in the manner prescribed in
> paragraph (g) below that the term of this Agreement is not
> renewed and this Agreement is accordingly terminated.  This
> termination must be based upon either <u>material
> noncompliance with this Agreement</u> . . . engaged in by a
> resident, any member of the resident's household or other
> person under the resident's control; or other good cause.
> When the termination of the tenancy *is* based on other good
> cause, the termination notice shall so state, at the end of
> a term and in accordance with the termination provisions of
> this Agreement, <u>but in no case earlier than 30 days after
> receipt by the TENANT of the notice.  Where the termination
> notice is based on material noncompliance with this
> Agreement or material failure to carry out obligations
> under a State landlord and tenant act, the time of service
> shall be in accordance with the previous sentence or State
> law, whichever is later.</u>

(Emphases added and some formatting altered.)

Next, HUD regulations provide that "[t]he provisions of part 247 of this title apply to all decisions by an owner to terminate the tenancy or modify the lease of a household residing in a unit (or residential space in a group home)." 24 C.F.R. § 891.430(b).  Additionally, 24 C.F.R. Part 247 governs "evictions from certain subsidized and HUD-owned projects."  (Formatting altered.)  Under 24 C.F.R. § 247.4(c) (1996), terminations for material breach of the rental agreement require service to be in accordance with the rental agreement and state law:

> (c) Time of service.  When the termination of the tenancy
> is based on other good cause pursuant to § 247.3(a)(4), the
> termination notice shall be effective, and the termination
> notice shall so state, at the end of a term and in
> accordance with the termination provisions of the rental
> agreement, but in no case earlier than 30 days after
> receipt of the tenant of the notice.  <u>Where the termination
> notice is based on material noncompliance with the rental
> agreement</u> or material failure to carry out obligations

4

> under a state landlord and tenant act pursuant to § 247.3(a)(1) or (2), <u>the time of service shall be in accord with the rental agreement and state law.</u>

(Emphases added.)

Finally, state law prohibits interfering with any right or obligation established as a condition of receiving a federal subsidy, and where HRS Chapter 521 is inconsistent with a "federal condition[,]" the "federal condition" controls:

> Nothing in this chapter shall be applied to interfere with any right, obligation, duty, requirement, or remedy of a landlord or tenant which is established as a condition or requirement of any program receiving subsidy from the government of the United States. To the extent that any provision of this chapter is inconsistent with such a federal condition or requirement then as to such subsidized project the federal condition or requirement shall control.

HRS § 521-3(c). "Except as otherwise provided in this chapter, a tenant or landlord may not waive or agree to forego rights or remedies under this chapter." HRS § 521-31(a).

When reviewing the violation and termination notices Lokahi Pacific sent to Mundon, we note that "[t]he sufficiency of a notice must be judged within its four corners." <u>Lau v. Bautista</u>, 61 Haw. 144, 148, 598 P.2d 161, 164 (1979). This includes the amount of time before termination may occur under statute. <u>See</u> <u>id.</u>; <u>Hawaiian Elec. Co. v. DeSantos</u>, 63 Haw. 110, 113, 621 P.2d 971, 974 (1980). And, statutes authorizing "a lessor to terminate a lease in case of certain derelictions on the part of the lessee must be strictly complied with to bring about the termination of a lease." <u>Waimanalo Vill. Residents'</u>

5

Corp. v. Young, 87 Hawaiʻi 353, 363, 956 P.2d 1285, 1295 (App. 1998).

Here, the First Termination Notice gave Mundon twenty-seven days to vacate the Property, while the Second Termination Notice gave Mundon seven days to vacate the property.  Because each of the termination notices did not provide at least thirty days notice as the 2009 Lease Agreement required, they were insufficient.[3]

Based on the foregoing, we vacate the district court's December 16, 2021 "Amended Judgment for Possession[,]" December 16, 2021 "Amended Writ of Possession[,]" and February 1, 2022 "Order Denying Defendant's Motion for Reconsideration[,]" and remand for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, April 15, 2025.

| | |
|---|---|
| On the briefs: | /s/ Keith K. Hiraoka<br>Presiding Judge |
| Nicholas J. Severson,<br>for Defendant-Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Joshua C. James,<br>for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |

---

[3]  Though not argued by the parties, we note that HRS § 521-71(a) (2018) requires at least forty-five days notice for termination of month-to-month tenancies.